533 A.2d 1042

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Glenn A. MORRIS, Appellant.**

Superior Court of Pennsylvania.

Argued June 18, 1987.

Filed Oct. 19, 1987.

Reargument Denied Dec. 9, 1987.

238

Gregory Cecchetti, Assistant Public Defender, Lower Burrell, for appellant.

Before ROWLEY, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

Appellant was convicted of third degree murder at the conclusion of a jury trial. Following the denial of post-verdict motions, appellant was sentenced to eight to sixteen years imprisonment. This direct appeal was then timely taken. Appellant raises six issues which primarily concern the denial of his motion to suppress evidence seized from

his residence pursuant to two search warrants issued by different magistrates. For the reasons which follow, we affirm the judgment of sentence.

Appellant was arrested on March 18, 1985 and charged with criminal homicide in connection with the death of Roy Calvin Backes. The following day, Trooper Nusser of the Pennsylvania State police obtained a search warrant from District Justice Shirley Miller. In applying for this warrant, Trooper Nusser verbally related certain facts to the Magistrate. These facts,[1] as summarized by the suppression court, were:

> ... that a Mr. Layman had advised [Trooper Nusser] that he had driven [appellant] and the victim in the early morning hours of March 18 to the place where the body was discovered; that a heated argument had taken place between [appellant] and the victim in the car; and that [appellant] had made threats of violence toward the victim. Office [sic] Nusser had also advised the magistrate that the [appellant] had told him that he was wearing a brown shirt or sweater earlier in the morning.

After hearing the recitation of these facts, which would clearly support a determination of probable cause, the magistrate instructed Trooper Nusser to reduce the information to a written affidavit. With the assistance of the magistrate's secretary, the affidavit was typed. However, none of the above facts were included in the affidavit of probable cause.

When the completed application for the search warrant was presented to her, the magistrate merely glanced at it before signing it. With the magistrate's certification of probable cause, Trooper Nusser proceeded to execute a search of appellant's residence.

1. The facts which were related to Magistrate Miller, as well as the information pertaining to the issuance of the search warrants and their subsequent execution were brought forth during a hearing which occurred after the initial suppression hearing. The purpose of this hearing was to permit the Commonwealth an opportunity to present evidence of Trooper Nusser's good faith. The circumstances giving rise to the occurrence of this hearing are set forth more completely *infra*.

While conducting this search, other items which were thought to be connected to the case were observed. Trooper Nusser promptly sought a second search warrant to seize this additional evidence. The second warrant was issued by District Justice Jeane C. Anderson. The affidavit of the second warrant set forth, *inter alia,* that while conducting a lawful search of appellant's residence, a pair of blue jeans and a pair of brown cowboy boots, both of which were stained with blood, were discovered. Magistrate Anderson then issued the warrant.

With the second warrant in hand, the trooper resumed the search of appellant's residence. The brown shirt, the subject of the first warrant, as well as the jeans and boots were seized. Appellant filed a motion to suppress this evidence, arguing the lack of sufficient probable cause to support the issuance of the warrants. At the suppression hearing, the Commonwealth agreed with appellant's argument and conceded that both search warrants were invalid. However, the Commonwealth maintained, as it does now, that the case falls within the good faith exception to the exclusionary rule, first announced in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and recently recognized by this court in *Commonwealth v. Melilli,* 361 Pa.Super. 429, 522 A.2d 1107 (1987). Over appellant's objection, the suppression court then permitted the Commonwealth to present testimony to establish the good faith of Trooper Nusser with respect to obtaining and relying on the search warrants.[2]

At the conclusion of the hearing, the court denied appellant's suppression motion. The court reasoned that Trooper

2. Appellant asserts that Pa.R.Crim.P. 2003(b) was violated when the court permitted this testimony. Commonly referred to as the four corners rule, Rule 2003(b) prohibits a court from considering evidence other than the affidavit to establish probable cause to support the search warrant. See, *Commonwealth v. Milliken,* 450 Pa. 310, 300 A.2d 78 (1973); *Commonwealth v. Crawley,* 209 Pa.Super. 70, 223 A.2d 885 (1966), aff'd per curiam, 432 Pa. 627, 247 A.2d 226 (1968). We disagree. The hearing was to establish the good faith of the law enforcement personnel, and occurred after the Commonwealth conceded the validity of the warrants. The testimony was not received, as appellant contends, to establish probable cause.

Nusser, in good faith, relied upon the warrants which were issued by two different magistrates. In reaching its result, the court considered the fact that Trooper Nusser travelled to appellant's house so as to obtain a description of the dwelling to be included in the application for the warrant and that Trooper Nusser verbally informed Magistrate Miller of the facts linking appellant to the crime. The trial court found that Trooper Nusser did not enter appellant's residence until after having received a certification of probable cause in the search warrant. The trial court found further evidence of Trooper Nusser's good faith in that he "did not rush to seized the boots or other clothing in plain view with blood, but rather, he immediately proceeded to contact a second detached and neutral magistrate for the purpose of determining the proper course to protect the accused and properly proceed with his investigation." The trial court agreed with the Commonwealth's proposition that it was the magistrate, and not the state trooper, who made the critical mistake. Thus, the trial court concluded that suppression of the physical evidence in this case would not further the deterrent effect of the exclusionary rule since that particular course of conduct would punish the police for the magistrate's error. After reviewing the record before us, we agree with the trial court's analysis and therefore affirm the judgment of sentence.

■ Only recently, this court adopted the *Leon* good faith exception to the exclusionary rule in *Commonwealth v. Melilli, supra.* There we held that each of three prerequisites must be satisfied if the good faith exception is to be applicable in a given situation. The exception will apply to situations in which the law enforcement officials have acted (1) in good faith; (2) in reasonable reliance upon a procedure expressly sanctioned by existing judicial decisions; and (3) pursuant to authorization obtained from a neutral magistrate. *Commonwealth v. Melilli, supra,* 361 Pa.Superior Ct. at 440, 522 A.2d at 1112. Our inquiry of good faith, however, turns upon the reasoning of the *Leon* court.

In *Leon, supra,* the issue facing the Court was whether the exclusionary rule should be modified so as not to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a neutral and detached magistrate, but ultimately found to be unsupported by probable cause. In resolving the issue, the Court considered the often competing goals of, on the one hand, deterring official misconduct and, on the other, establishing procedures under which criminal defendants are acquitted or convicted on the basis of all the evidence which exposes the truth. *United States v. Leon, supra.* 468 U.S. at 900–901, 104 S.Ct. at 3409.

After an exhaustive review of its origins, the Court concluded the exclusionary rule was created to deter police misconduct. With the purpose of the exclusionary rule in mind, the Court reasoned

> ... where the officer's conduct is objectively reasonable, "excluding the evidence will not further the ends of the exclusionary rule in any appreciable way...." [Further,] [p]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterence of Fourth Amendment violations.

*Id.* at 919–920, 104 S.Ct. at 3419.[3]

■ The *Leon* Court noted that "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." *Id.* at 921, 104 S.Ct. at 3419. This statement cannot be more applicable to the instant case. Trooper Nusser proceeded to Magistrate Miller's office after he observed appellant's residence, and informed the magistrate of the facts at his disposal. Magistrate Miller indicated that the information would be sufficient to support a determination of probable cause and asked Trooper Nusser to complete a written affidavit. With the assistance of the magistrate's secretary, the search warrant application, including the affidavit, was

---

**3.** The Court was careful to caution that deference to the magistrate is not, however, boundless. *Id.* at 914, 104 S.Ct. at 4316.

typed. When given to the magistrate for review, Magistrate Miller merely glanced at the words on the application before certifying that there was probable cause to search appellant's residence. Had the magistrate read the application more carefully, it would have been obvious that there was insufficient information in the affidavit to support a determination of probable cause. However, once the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law. *Id.*

We conclude, therefore, that Trooper Nusser's conduct in relying upon the magistrate's certification of probable cause in issuing the first warrant was entirely reasonable and fully comports with *Leon* and *Melilli*.[4] Thus, the lower court was correct in applying the good faith exception in the instant case.

Judgment of sentence affirmed.

4. Our analysis leads us to a similar conclusion with respect to the second search warrant, which was issued by Magistrate Anderson.