541 A.2d 368

**COMMONWEALTH of Pennsylvania**

v.

**Louis R. EDMUNDS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1987.

Filed April 25, 1988.

386

Kenneth B. Burkley, Greensburg, for appellant.

William C. Gallishen, Assistant District Attorney, Greensburg, for Com., appellee.

Before WIEAND, MONTEMURO and POPOVICH, JJ.

WIEAND, Judge:

The issue in this appeal is whether the decision of the United States Supreme Court in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), is to be followed by the courts of this Commonwealth with respect to evidence seized pursuant to a search warrant which is subsequently invalidated under Article I, Section 8 of the Pennsylvania Constitution. The issue arises in an appeal by Louis R. Edmunds from a judgment of sentence imposed following a bench trial in which he was found guilty of possession of marijuana and related offenses after a substantial quantity of marijuana had been seized from his residence and an adjoining building.

The facts leading to the conviction are as follows. On August 4, 1985, in response to a telephone call, State Trooper Michael Deise met with two hunters who told him that while hunting in a wooded area they had come upon a white, corrugated building in which they saw growing marijuana plants. Trooper Deise questioned them about their familiarity with marijuana plants and satisfied himself that they were able to recognize marijuana plants. The men described the building to Trooper Deise and told him that

Edmunds was the owner. On the following day, Deise flew over the area and spotted the building. He also drove past the property and by examining the mailbox confirmed the residency of Edmunds.

Trooper Deise then applied to District Justice Margaret Tlunac for a search warrant and offered in support thereof the following probable cause affidavit:

On the date of August 4, 1985, this affiant was in contact by telephone with two anonymous males who were and are members of the community where [appellant] resides. Both anonymous males advised the affiant that while checking out familiar hunting areas off Route 31, these men observed growing marijuana near a white corrugated building approximately 20 x 40 feet in a cleared off area. These men looked into the building and observed several plants that appeared to be marijuana. This affiant questioned both of these men as to their knowledge of marijuana. This affiant learned that one of these men saw growing marijuana numerous times while he was stationed in Viet Nam. The other male saw growing marijuana while at a police station. This affiant described a growing marijuana plant and its characteristics and they agreed that what they had viewed agreed with the description and also that it appeared to them to be marijuana as fully described by the affiant. The two males wish to remain anonymous for fear of retaliation or bodily harm. An anonymous male advised this affiant that [appellant] lived there. Edmund's description being that of a white male in his middle thirties and he lived at the aforementioned location.

On the 5th day of August, 1985, this affiant with the use of a State Police helicopter, flew over the described location and observed the white corrugated building in the mountain area and located as described by the two males. Also on this date this affiant drove past the Route 31 entrance and observed a mail box with "Edmunds 228" printed on it.

The warrant issued upon presentation of this affidavit described the premises to be searched as follows: "Residence of Louis R. Edmunds ... A one story stone and frame residence and white corrugated building and curtilege." With the intent of serving the warrant on the owner of the premises, Trooper Deise and other state policemen went to the residence, where they were met by Edmunds. When Edmunds went upstairs to find a written lease for the white, corrugated building, Deise accompanied him. At the top of the stairs, in plain view, Deise observed four bags of a green substance which he believed and which later was determined to be marijuana. A subsequent search of the white, corrugated building revealed marijuana plants.

Appellant filed a pre-trial motion to suppress the marijuana. He contended that the affidavit had been insufficient to establish probable cause for the issuance of a search warrant. More specifically, he argued that the affidavit had failed to show when the hunters had observed the marijuana plants and that there were insufficient facts from which it could be determined that the information given by the hunters was reliable.[1] The suppression court held that the failure of the affidavit to state the date of the hunters' observations rendered the affidavit inadequate to establish probable cause to believe that marijuana was growing in the building at the time when the warrant was issued. However, because the evidence established that the hunters had made their observations on August 4, 1985 and because this information had been communicated to the issuing authority but had been omitted inadvertently from the affidavit when it had been prepared in the magistrate's office, the court held that the police had exercised good

---

1. There is no merit in the latter contention. The hunters were "disinterested observers" who had been eyewitnesses to the marijuana growing in appellant's building. See: *Commonwealth v. McCain,* 275 Pa.Super. 192, 194, 418 A.2d 677, 678 (1980), *allocatur denied.* Moreover, the same information had emanated from two independent informants. "When two independent informants both supply the same information about a particular crime ... each source tends inherently to bolster the reliability of the other." *Commonwealth v. Sudler,* 496 Pa. 295, 306, 436 A.2d 1376, 1381 (1981), quoting *Commonwealth v. Mamon,* 449 Pa. 249, 259, 297 A.2d 471, 477 (1972).

faith. As such, the court held, suppression was not required.

■ In *Commonwealth v. Conner*, 452 Pa. 333, 305 A.2d 341 (1973), the Supreme Court of Pennsylvania held that a warrant issued without reference to the time when an informant had obtained his information was defective. The Court said:

"The search warrant is defective ... because the alderman was not supplied a time-frame upon which to ascertain *when* the affiant gained his information from his informants, *when* the informants themselves obtained the information they allegedly had, and if probable cause *presently* existed to believe, that at the time the warrant was issued, appellant was keeping a firearm in his automobile. As this Court has recently stated:

'Although the information supplied the magistrate "... must be tested with a commonsense, nontechnical, ungrudging, and positive attitude, ...", *Rosencranz v. United States*, 356 F.2d 310, 314 (1st Cir.1966); *United States v. Ventresca*, 380 U.S. 102, 108–109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965), the information *must be* sufficient "... to enable the magistrate independently to judge of the validity of the informant's conclusion *that the narcotics were where he said they were.*" *Spinelli* [*v. United States*], supra at 393 U.S. [410,] 413, 89 S.Ct. [584,] 587 [21 L.Ed.2d 637] (emphasis added). See also *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Cf. [*Commonwealth v.*] *McCants*, [450 Pa. 245, 299 A.2d 283 (1973)]. *Probable cause must be established at the time the warrant is issued.* See, e.g., *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); [*U.S. v.*] *Bailey*, supra, 458 F.2d 408, (9 Cir.1972); *Durham v. United States*, 403 F.2d 190, 193 (9th Cir.1968); *Spinelli v. United States*, 382 F.2d 871, 897 (8th Cir.1967) (Heaney, J., dissenting), rev'd, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Rosencranz*, supra; *Schoeneman v. United States*, 115 U.S. App.D.C. 110,

317 F.2d 173 (1963); *Commonwealth v. Shaw*, 444 Pa. 110, 281 A.2d 897 (1971); *Commonwealth v. Bove*, 221 Pa.Super. 345, 293 A.2d 67 (1972). Cf. *McCants*, supra. "... *[I]t is manifest that the proof* [necessary to establish probable cause] *must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."* *Sgro*, supra, 287 U.S. at 210, 53 S.Ct. at 140.' "

*Id.,* 452 Pa. at 339–340, 305 A.2d at 345 (emphasis in original). See also: *Commonwealth v. Kalinowski*, 303 Pa.Super. 354, 359–360, 449 A.2d 725, 727–728 (1982).

In this instant case, the affidavit did not contain facts from which the date of the hunters' observations could be determined. Therefore, it was insufficient to permit the issuing authority to make a determination that probable cause existed at the time the warrant was issued.

Did this defect compel the suppression of the contraband discovered by police when they executed the warrant if, as the suppression court found, the police acted reasonably in relying upon the warrant which had been issued by the magistrate? It is clear now, in view of the Supreme Court decision in *United States v. Leon, supra,* that suppression is not required by the Fourth Amendment of the United States Constitution. In creating a "good faith exception" to the judge-made exclusionary rule, the Supreme Court said:

We conclude that the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion. We do not suggest, however, that exclusion is always inappropriate in cases where an officer has obtained a warrant and abided by its terms. "[S]earches pursuant to a warrant will rarely require any deep inquiry into reasonableness," *Illinois v. Gates*, 462 US, [213], at 267, 76 L Ed 2d 527, 103 S Ct 2317 [at 2347 (1983) ] (White, J., concurring in judgment), for "a warrant issued by a magistrate normally suffices to establish" that a law enforcement officer has "acted in good faith in conduct-

ing the search." *United States v Ross,* 456 US 798, 823, n 32, 72 L Ed 2d 572, 102 S Ct 2157 [2172, n. 32] (1982). Nevertheless, the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable, cf. *Harlow v Fitzgerald,* 457 US 800, 815–819, 73 L Ed 2d 396, 102 S Ct 2727 [2736–2739] (1982), and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued.

Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *Franks v Delaware,* 438 US 154, 57 L Ed 2d 667, 98 S Ct 2674 (1978). The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo–Ji Sales, Inc. v New York* 442 US 319, 60 L Ed 2d 920, 99 S Ct 2319 (1979); in such circumstances, no reasonably well-trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Brown v Illinois,* 422 US [590], at 610–611, 45 L Ed 2d 416, 95 S Ct 2254 [at 2265 (1975)] (Powell, J., concurring in part); see *Illinois v Gates,* supra, at 263–264, 76 L Ed 2d 527, 103 S Ct 2317 [at 2346] (White, J., concurring in judgment). Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid. Cf. *Massachusetts v Sheppard,* post [468 U.S. 981] at 988–991, 82 L Ed 2d 737, 104 S Ct. 3424 [at 3427–3429].

*Id.* 468 U.S. at 922–923, 104 S.Ct. at 3420–3421, 82 L.Ed.2d at 698–699 (footnotes omitted).

Article I, Section 8 of the Pennsylvania Constitution contains language which is the same as that of the Fourth Amendment. It contains no provision expressly precluding the use of evidence obtained in violation of its commands. Although the Pennsylvania courts may interpret the state constitution to afford greater protections than the federal constitution, see *Commonwealth v. Sell*, 504 Pa. 46, 63–64, 470 A.2d 457, 467 (1983), it is generally recognized that decisions of the United States Supreme Court interpreting an identically worded clause of the federal constitution must be carefully considered in interpreting the Pennsylvania Constitution. We may digress from such interpretations only when there is compelling reason to do so. *Id.*, 504 Pa. at 49, 407 A.2d at 459, quoting Brennen, *The Bill of Rights and the States: The Revival of State Constitutions as Guardians of Individual Rights*, 61 N.Y.U.L.Rev. 535 (1986). See also: *Commonwealth v. DeJohn*, 486 Pa. 32, 403 A.2d 1283 (1979).

■ We perceive no compelling reason to deviate from the reasoning of *Leon* by excluding evidence under the Pennsylvania Constitution which is not subject to exclusion under the Fourth Amendment. The exclusionary rule in Pennsylvania has been the direct product of the exclusionary rule adopted by the federal courts in enforcing the guarantees afforded by the federal constitution. The Pennsylvania exclusionary rule is based on the same rationale, and it is no more firmly entrenched in Pennsylvania constitutional law than the exclusionary rule is embedded in federal constitutional law. A good faith exception, as articulated in *Leon*, is based on the premise that the exclusionary rule should not hinder prosecution in cases where the rule ceases to serve its intended purpose of deterring police misconduct. The cost of denying to the prosecution inherently trustworthy, tangible evidence obtained in reliance on a search warrant issued by a neutral magistrate is too great unless the exclusion of such evidence pays its way by deterring official unlawfulness. We discern no reason for rejecting this reasoning when called upon to apply the

protections of Article I, Section 8 of the Pennsylvania Constitution. In the absence of a contrary holding by the Supreme Court of Pennsylvania, therefore, we elect to follow the holding of the *Leon* court and adopt it in applying Article I, Section 8 of the Pennsylvania Constitution.

In the instant case, the suppression court found, after hearing, that the hunters had made their observations on August 4, 1985, the same day on which they spoke with Trooper Deise. The court also found that this time-frame had been communicated to the magistrate. When the affidavit had been prepared in the magistrate's office, however, the date of the hunters' observations had been inadvertently omitted. Thus, neither police nor magistrate had reason to believe the information was stale. Because the police had acted reasonably and in good faith reliance upon the magistrate's impartial finding of probable cause, the suppression court refused to suppress evidence of marijuana plants seized from the corrugated building pursuant to warrant.

The suppression court's determination comported with the decision in *Commonwealth v. Morris*, 368 Pa.Super. 237, 533 A.2d 1042 (1987), where a panel of this Court held that a good faith exception would be applied to a situation in which facts sufficient to establish probable cause were known to the officer and issuing authority but were inadvertently omitted from the affidavit. The suppression court's holding finds further support in *Commonwealth v. Melilli*, 361 Pa.Super. 429, 522 A.2d 1107 (1987), *allocatur granted*, where we held that suppression was not necessary when a neutral magistrate, acting on existing judicial authority, had authorized the use of pen registers in the belief that a showing of probable cause was unnecessary and where the law subsequently developed to require such a showing. The suppression court's holding in the instant case, therefore, does not warrant a reversal of the conviction.

Appellant argues that it was improper for the suppression court to allow testimony regarding the date of the

hunters' observations. Such testimony, he argues, was violative of the Pennsylvania "four corners rule." See: *Commonwealth v. Simmons*, 450 Pa. 624, 626, 301 A.2d 819, 820 (1973), codified at Pa.R.Crim.P. 2003. However, the "four corners rule," which requires that probable cause be established by reference to the written affidavit, is of utility only in determining the validity of the warrant. The rule can have no application in determining the separate issue of whether the police acted in an objectively reasonable manner and, therefore, in good faith.

■ Appellant also challenged the Commonwealth's use at trial of the four bags of manicured marijuana found in his residence. The suppression court determined that this marijuana was in "plain view" where it was observed by police who had entered appellant's home with his permission after announcing that they had a warrant to search the white, corrugated building. It had been discovered inadvertently at the top of the stairs when Trooper Deise, with appellant's consent, accompanied appellant to the second floor to obtain a copy of the lease for the white, corrugated building. Because Deise was lawfully in a position from which he was able to see the marijuana in plain view, the court held, the marijuana was not subject to suppression. See: *Commonwealth v. Gabrielle*, 269 Pa.Super. 338, 409 A.2d 1173 (1979); *Commonwealth v. Adams*, 234 Pa.Super. 475, 341 A.2d 206 (1975). These findings are supported by competent evidence and, therefore, will not be disturbed on appeal. *Commonwealth v. Patterson*, 488 Pa. 227, 412 A.2d 481 (1980); *Commonwealth v. Neely*, 298 Pa.Super. 328, 444 A.2d 1199 (1982). It is of no consequence that the police did not have separate probable cause to search the residence.

The suppression court properly denied appellant's motion to suppress the marijuana which constituted the principal evidence against him at trial.

The judgment of sentence is affirmed.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

I cannot join the Majority in the face of record evidence that the affidavit, upon which the warrant to search the defendant's premises was based, lacked the specificity as to the point in time the alleged observations of drugs on the said premises were made by two anonymous informants. Also, contrary to the Majority, I find the suppression court's receipt of testimony from the affiant/officer to fill this void, and, in effect, supplement the "four-corners" of the warrant to be violative of Pa.R.Crim.P. 2003's prohibition against evaluating "evidence outside the warrant affidavit[ ] on the issue of probable cause...." *Commonwealth v. Graham*, 334 Pa.Super. 170, 178, 482 A.2d 1277, 1282 (1984), citing *Commonwealth v. Swint*, 256 Pa.Super. 169, 389 A.2d 654 (1978).

Surely, the absence of the time in the warrant, as to when the informants viewed the defendant's premises and drugs, undermines a predicate for probable cause to believe that a crime is or was being committed and that the defendant was the guilty party. For the Majority to dismiss the lack of such a fact from the warrant, and condoning its inclusion into the warrant by the use of extraneous information/testimony as to what the officer supposedly told the magistrate at the moment the warrant was secured, is at odds with this writer's understanding of the Fourth Amendment and its strictures. See, e.g., *Commonwealth v. Kalinowski*, 303 Pa.Super. 354, 449 A.2d 725 (1982) (POPOVICH, J.).

Moreover, there appears to be no indication from the Pennsylvania Supreme Court that it is receptive to *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). See *Commonwealth v. Weisenthal*, 517 Pa. 241, 535 A.2d 600 (1988). As such, my reading of the facts does not disclose the mere non-compliance with a technical requirement under the law. Rather, we have a warrant which is facially defective in not meeting the requirements necessary to invade the defendant's substantive rights to be free from unreasonable searches and seizures. Accordingly, I

396

respectfully dissent to the Majority's determination to the contrary.