## Commonwealth v. Haggerty

*Alan Basewitz, assistant district attorney,* for the commonwealth.
*Gwendolyn Bright,* for Brian Haggerty.
*Elliott Tolan,* for Rosa Alicea.
*Flora Roomburg,* for Andrea Soto.
*Dennis H. Eisman,* for Ernest Matos.

BERNSTEIN, *J.,* December 22, 1988 — On August 20, 1987, acting upon information received from an unidentified informant concerning drug ac-

tivity at the location of 7549 Mascher Street, police officer Snead prepared search and seizure warrant no. 15574 requesting a daytime search of the house. The warrant failed to state when the unidentified informant had witnessed drug activity and as conceded by the commonwealth at the motion to suppress heard on June 7 and 8, 1988, the warrant was defective under the clearly established law of Pennsylvania.

At the motion to suppress the commonwealth offered to present evidence that Sgt. Perez had recently received the information from the unidentified informant and that the informant said that drug activity was proceeding on August 20, 1987. The commonwealth claims that if the allegations described in the warrant were timely then the search was lawful. Since the proferred testimony was rejected as irrelevant the court assumes for purposes of this opinion that the officers acted in good faith without any intentional misrepresentation and that if permitted Sgt. Perez would have testified credibly as outlined in the offer of proof.

The U. S. Supreme Court in the case of *Mapp v. Ohio,* 367 U.S. 643 (1961) first established the principal that evidence obtained in violation of the Fourth Amendment of the U. S. Constitution must be suppressed in state court trials. The U. S. Constitution and the Pennsylvania constitution are coterminous in requiring prior judicial approval based on probable cause for any search warrant to issue. This constitutional restraint upon governmental intrusion has been incorporated in rule 2003 of the Pennsylvania Rules of Criminal Procedure which states: "No search warrant shall issue but upon probable cause supported by one or more affidavits, sworn to before the issuing authority." The rule fur-

ther provides that the issuing authority may not consider any evidence outside of the affidavits.*

In *Commonwealth v. Millken,* 450 Pa. 310, 300 A.2d 78 (1973) the Supreme Court of Pennsylvania last permitted the material contained in the application for a warrant to be orally supplemented at the motion to suppress. In that decision the court at page 81 stated: "Despite the obvious desirability of having all the information before the magistrate in writing, we are not persuaded that the affiant's sworn oral testimony may not supplement his written affidavit and together supply the constitutional basis for the issuance of the search warrant." Since the court found no constitutional or decisional authority making that procedure impermissible in 1973, the court found the warrant valid. The court promulgated a prospective rule stating: "[W]e shall therefore in exercise of our supervisory powers, formulated by rule of court appropriate procedural requirements of a sufficient written record made contemporaneously with the issuance of search warrants." Subsequently, Pennsylvania Rule of Criminal Procedure 2005(g) was adopted October 17, 1973 requiring the issuing authority to "certify that the issuing authority has found probable cause based upon the facts sworn to or affirmed before the issuing authority by written affidavit(s) attached to the warrant." This provision has been repeatedly interpreted as requiring that the information contained in the four corners of the warrant must be sufficient for a showing of probable cause for the issuance of the warrant and prohibiting any oral supplementation before the magistrate. See *Com-*

---

* Rule 2003 has been approved in numerous Supreme Court cases since its promulgation including *Commonwealth v. Simmons,* 450 Pa. 624, 301 A.2d 819 (1973).

monwealth v. Gray, 322 Pa. Super. 37, 469 A.2d 169 (1983), aff'd 509 Pa. 476, 503 A.2d 921 (1983).

In the present case the district attorney's office seeks to orally supplement the information contained in the affidavit of probable cause not *before* the issuing magistrate but before the court hearing the motion to suppress. There is absolutely no claim that the issuing magistrate was presented with any information outside of the warrant. This proposition transcends the rules and ignores the requirements of both the Pennsylvania and U. S. Constitutions that judicial approval be obtained before any search may lawfully be conducted.

The commonwealth contends that since the police officers acted "in good faith" they should not be "penalized" by the suppression of evidence. In support of this proposition the commonwealth cites three cases which they claim create a "good faith" exception to the warrant requirement of the constitution. Their reliance on these cases is factually inadequate and inappropriate.

The warrant exception relied upon by the district attorney's office has been cited in three Superior Court cases. The Supreme Court of Pennsylvania has never approved even the limited circumstances under which the Superior Court has approved a good faith exception. In all three cases, *Commonwealth v. Melilli,* 361 Pa. Super. 429, 522 A.2d 1107 (1987); *Commonwealth v. Morris;* 368 Pa. Super. 237, 533 A.2d 1042 (1987); and *Commonwealth v. Edmunds,* 373 Pa. Super. 384, 541 A.2d 368 (1988) there are dramatic factual differences from the instant case. In both *Morris* and *Edmunds* the magistrate who approved the warrant knew *all* the facts necessary to determine that probable cause existed before signing the warrant. Although the warrant was facially defective in both those cases there was

specific testimony by the approving magistrate that the warrant was approved only because of their own inadequate review of the affidavit of probable cause. The magistrates had not adequately reviewed the warrant because of *their* good faith belief that all the information they had been told was contained in the warrant. In *Morris* the magistrate testified that after he initially rejected the warrant, he·was orally advised of additional information which he felt was sufficient for a finding of probable cause. After directing his own secretary to type the new information into the affidavit of probable cause he signed the warrant without rereading it. Likewise in the case of *Commonwealth v. Edmunds* the magistrate had all necessary information before signing the warrant. The testimony received at the motion to suppress in both *Morris* and *Edmunds* was not presented for the purpose of establishing probable cause but strictly limited to establishing that although some information had been inadvertently left out of the affidavit of probable cause, the magistrate had sufficient information to conclude that probable cause existed at the time the warrant was signed. The "good faith' exception approved in these cases is an exception only to rule 2005(g) and is strictly limited to offering evidence concerning material presented to the magistrate outside of the affidavit of probable cause prior to judicial approval of the search.

In *Commonwealth v. Melilli, supra,* the first Pennsylvania case approving a "good faith" exception, the search warrant approved a pen register and was signed strictly as an accommodation to protect Bell Telephone against civil liability. No actual judicial finding of probable cause ever occurred or was ever intended. At that time the state of the law clearly did not require a warrant to apply a pen register.

Significantly, after the warrant in *Melilli* was signed the Superior Court, applying state constitutional law precepts, outlawed the use of pen registers without prior judicial approval based upon a showing of probable cause. Due to the unique factual setting of *Melilli* the Superior Court set forth three grounds for a "good faith" exception to the warrant requirement. These grounds were: (1) the good faith of the police officers, (2) an expressly, lawfully sanctioned prior procedure and (3) judicial authorization.

In the case at bar the definitively established law, clearly set forth in the Rules of Pennsylvania Criminal Procedure and consistently interpeted in case law definitively established beyond any question that probable cause to search must be based on recent information set forth in the affidavit of probable cause. The commonwealth concedes this proposition and does not seek any modification in this basic precept. Accordingly, none of the "established" good faith exceptions are applicable to the case presented herein.

The court notes the prescience of Judge Beck in her dissent in *Commonwealth v. Melilli*. In that opinion Judge Beck said: "[i]t appears that the issuing authority in the case sub judice rubber-stamped the request by the police without bringing to bear its independent judgment . . . without standards for an independent assessment by the issuing authority of the pre-search actions of the police, the object of a search becomes vulnerable to unsupervised, and perhaps overzealous law enforcement activity even if performed in good faith. No safeguard exists that the neutral issuing authority assess the information presented by the police. No pre-search record exists by which a reviewing

court can assess the grounds on which the authorization was approved."

This court sitting on the motion to suppress independently reviewed the warrant. It does not contain sufficient information on which to base a proper finding of probable cause. The commonwealth concedes that the affidavit was not orally augmented and was the only information presented to the issuing magistrate. Accordingly the warrant was defective, the entry into the home of a citizen was illegal in violation of the Fourth Amendment of the U. S. Constitution and Article I, section 8 of the Pennsylvania Constitution and whatever may have been seized may not be introduced into evidence at the trial.

There is no authority whatever for a reviewing court at a motion to suppress to authorize a search ex post facto upon the allegation that the police department had additional information not presented to the magistrate. To approve this procedure opens the door to ex post facto approval of all defective warrants, dramatically increases evidentiary problems, and invites the multiplicity of evils sought to be avoided by rule 2005(g). Most importantly this procedure if approved makes a mockery of the most basic tenant of the U.S. and Pennsylvania Constitutions that the rights of citizens in their home are secure from governmental interference without *prior* judicial review approval based upon probable cause.