449 A.2d 725

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Henry W. KALINOWSKI, individually, and Henry W. Kalinowski, Sheriff of Wayne County and Warden of the Wayne County Jail.**

Superior Court of Pennsylvania.

Argued Oct. 6, 1981.

Filed Aug. 20, 1982.

Marc R. Wolfe, Special Prosecutor, Stroudsburg, for Commonwealth, appellant.

Randolph Borden, Hawley, for appellee.

Before WICKERSHAM, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

■ This is an appeal by the Commonwealth from an order suppressing certain evidence seized from the appellee, Henry W. Kalinowski, pursuant to a search warrant that was held to have been invalid. Such evidence was directed to be excluded from use at appellee's trial.[1] We affirm.

The warrant in question reads as follows:

"On 5/16/79 Gerri McElroy, a Deputy Sheriff employed by Wayne County, did inform the affiant that she, in the course of her duties as a Deputy Sheriff, at the Sheriff's office, did observe certain equipment utilized for the interception of telephonic conversation and recording of same conversations in the office of Henry W. Kalinowski, Sheriff of Wayne County. The affiant has personnally [sic] known Ms. McElroy for the past 4 mos. The affiant believes that the information given Ms. McElroy is true and correct and she is known to be a truthful and honest person by the affiant and within the community.

In 1978 in a class action proceeding in US Federal Court, Middle Dist., before Judge Malcom Muir, brought by the prisoners of the Wayne County jail, the Wayne County Sheriff, Henry Kalinowski, admitted, under oath, that illegal wire tapping took place during his tenure in office.

---

1. The Commonwealth certified that the prosecution of cases 24, 83, 84, 87 and 90 would be terminated if the Suppression Court's order is not reversed, as the evidence suppressed is the principal incriminating evidence on these charges. However, the Commonwealth concedes that "[t]he Suppression Court's ruling has no effect on cases 85, 86, 88 and 89." (Commonwealth's Brief at 3, n.1) As to the former offenses, we find that the Commonwealth has satisfied its burden justifying an appeal from the grant of a suppression motion. See Commonwealth v. Bosurgi, 411 Pa. 56, 190 A.2d 304 (1963); Commonwealth v. Kunkel, 254 Pa.Super. 5, 385 A.2d 496 (1978).

Several former employees of the Wayne County Sheriff's Department whom the affiant believes to be reliable, have stated that illegal wire tapping too [sic] place during their employment by the Wayne County Sheriff, Henry W. Kalinowski. These employees are Russell Thomas, Steven Vogt, and Paul Carpenter.

The equipment and connections described by the former employees, named above, is [sic] similar in description to the equipment described by the aforesaid, Gerri McElroy."

■ Before addressing the sufficiency of the probable cause section of the aforecited warrant, we need to review the particular statute with which the appellee was charged with violating; that is, 18 Pa.C.S.A. § 5705(1) (Supp.1982–83), which provides in relevant part:

"Except as otherwise specifically provided in section 5706 (relating to exceptions to prohibitions in possession, sale, distribution, manufacture or advertisement of intercepting devices), a person is guilty of a felony of the third degree if he does any of the following:

(1) Willfully possesses an interception device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of a wire or oral communication. . . ."

Section 5706, which is referred to in Section 5705, provides in relevant part:

"(a) Unlawful activities.—It shall not be unlawful under this chapter for:

(1) . . .

(2) a person under contract with the United States, a state or a political subdivision thereof, or an officer, agent or employee of a state or a political subdivision thereof

to possess, sell, distribute, manufacture, assemble or advertise any intercepting device, while acting in furtherance of the appropriate activities of the United States, a state or a political subdivision thereof or a communication common carrier.

(b) Responsibility.—The Attorney General and the district attorney or their designees shall have the sole responsibility to buy, possess and loan any intercepting device which is to be used by investigative or law enforcement officers for purposes of interception as authorized under section 5704(2) (relating to exceptions to prohibition on interception and disclosure of communications), 5712 (relating to issuance of order and effect) or 5713 (relating to emergency situations)." 18 Pa.C.S.A. § 5706(a)(2) & (b) (Supp. 1982–83)

Initially, we observe that the suppression court takes the position that, when the preceding statutes are viewed in concert, "it becomes apparent that possession of this equipment by [appellee] could have been legal only if he derived it through the authorization of the Attorney General, the District Attorney of Wayne County, or their designees." However, the court went on to hold that there was an absence of probable cause in the warrant because, "[t]here [was] no information in the instant Affidavit on the basis of which the District Magistrate could infer either that [appellee] had, or had not, obtained proper authorization." (Lower Court Opinion at 16) What the court is saying, in essence, is that the affidavit section of the warrant must recite that the accused was unauthorized to possess an interception device as a *sine qua non* to establishment of probable cause justifying issuance of the warrant. We need not rule on the credulity of such a proposition, since we find that the warrant was facially defective on another ground. *But see Ignacio v. People of the Territory of Guam*, 413 F.2d 513, 519 (9th Cir. 1969). For example, we observe that the named informant told the affiant, on May 16, 1979, "that she, in the course of her duties as Deputy Sheriff, at the Sheriff's [appellee's] office, did observe certain equipment utilized for the interception of telephonic conversation . . . in the office of Henry W. Kalinowski [-appellee], Sheriff of Wayne County." As correctly posited by the appellee, in regard to the preceding, "[w]hen the informant made the statement to the affiant is of little consequence. What is important is when

the informant made the observation. That date is unascertainable from the affidavit at issue." (Appellee's Brief at 9) We agree. Interestingly enough, the Commonwealth concedes as much in its brief by stating that the "affiant does not state that McElroy made observations recently . . . ." (Commonwealth's Brief at 16)

On the subject of the time-frame within which criminal activity is observed and sufficient to establish probable cause to validate a warrant, we look to the case of *Commonwealth v. Conner*, 452 Pa. 333, 305 A.2d 341 (1973). In *Conner*, the Court determined that the lower court erred in not finding a search warrant defective and the evidence (weapon) seized as a result thereof suppressible. In so doing, the Court stated, as some of its grounds for reversal:

"The search warrant is defective . . . because the alderman was not supplied a time-frame upon which to ascertain *when* the affiant gained his information from his informants, *when* the informants themselves obtained the information they allegedly had, and if probable cause *presently* existed to believe, that at the time the warrant was issued, appellant was keeping a firearm in his automobile. As this Court has recently stated:

'Although the information supplied the magistrate " . . . must be tested with a commensense, nontechnical, ungrudging, and positive attitude, . . . ", *Rosencranz v. United States*, 356 F.2d 310, 314 (1st Cir. 1966); *United States v. Ventresca*, 380 U.S. 102, 108–109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965), the information *must be* sufficient " . . . to enable the magistrate independently to judge of the validity of the informant's *conclusion that the narcotics were where he said they were.*" *Spinelli*, supra at 393 U.S. 413, 89 S.Ct. at 587 (emphasis added). See also *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Cf. [*Commonwealth v.*] *McCants*, supra [450 Pa. 245, 299 A.2d 283 (1973)]. *Probable cause must be established at the time the warrant is issued.* See, e.g., *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); [*U. S. v.*

*Bailey, supra,* 458 F.2d 408, (9 Cir.); *Durham v. United States,* 403 F.2d 190, 193 (9th Cir. 1968); *Spinelli v. United States,* 382 F.2d 871, 897 (8th Cir. 1967) (Heaney, J., dissenting), rev'd, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Rosencranz, supra; Schoeneman v. United States,* 115 U.S.App.D.C. 110, 317 F.2d 173 (1963); *Commonwealth v. Shaw,* 444 Pa. 110, 281 A.2d 897 (1971); *Commonwealth v. Bove,* 221 Pa.Super. 345, 293 A.2d 67 (1972). Cf. *McCants,* supra. "... *[I]t is manifest that the proof* [necessary to establish probable cause] *must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probably cause at that time." Sgro, supra,* 287 U.S. at 210, 53 S.Ct. at 140.' " (Emphasis in original)

Here, as in *Conner,* the magistrate was not informed as to when the informant obtained the information she allegedly had. Was it a day prior to the date of the affidavit, a week, a month? "Any selection of time on our part would be purely conjectural. So too must have been the magistrate's determination." *Commonwealth v. Simmons,* 450 Pa. 624, 630, 301 A.2d 819, 822 (1973).

"If we were to sustain the magistrate's determination, the issuance of search warrants would be allowed solely upon suspicion of criminal conduct, a standard far less demanding than that embodied in the Fourth Amendment. We cannot countenance such a deviation from explicit constitutional norms. 'Indeed, if the affidavit [and sworn testimony] in this case be adjudged valid, it is difficult to see how any function but that of a rubber stamp remains for [the magistrate].' *Rosencranz, supra,* 356 F.2d at 317. 'It is one thing to expect the magistrate to give a commonsense reading to facts set forth and to draw inferences from them. It is quite another thing to expect the magistrate to reach for external facts and to build inference upon inference in order to create a reasonable basis for his belief that a crime is *presently* being committed.' *Id.* at 317." (Emphasis in original) *Commonwealth v. Simmons, supra,* 450 Pa. at 631, 301 A.2d at 823.

On this record, we cannot conclude that the affidavit at issue provided a sufficient basis for an independent determination by a neutral judicial officer that probable cause existed. *Commonwealth v. Conner, supra.*

█ The Commonwealth presents additional arguments in an attempt to establish the propriety of the search warrant; *viz.*: "The latter portions of the Affidavit, while not putting the information contained therein into a time frame, clearly established that at prior times the [appellee], while Sheriff of Wayne County, engaged in unlawful wiretapping. Thus, a continuing pattern of unlawful activity emerges." (Commonwealth's Brief at 16) The Suppression Court's opinion to this Court adequately and correctly disposed of such contentions, and we need not comment on them any further.

Order affirmed.

WICKERSHAM, J., notes his dissent.