566 A.2d 615

**COMMONWEALTH of Pennsylvania**

v.

**John Michael KARNS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 11, 1989.

Filed Nov. 14, 1989.

F. Walter Bloom, III, Oil City, for appellant.

William G. Martin, Jr., Dist. Atty., Franklin, for Com., appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

On February 17, 1987, appellant John Michael Karns was charged with manufacture, delivery or possession of marijuana with the intent to manufacture or deliver.[1] Earlier

1. 35 Pa.C.S. § 780–113(a)(30).

that day, state police, executing a search warrant, entered a dwelling in Venango County, conducted a search and seized approximately 208 marijuana plants growing in soil in the basement of the dwelling, as well as various paraphernalia and other items of evidence. After a nonjury trial on May 26, 1988, appellant was found guilty and sentenced to between 20 and 48 months imprisonment and fined $5,000. Post-verdict motions having been denied, appellant now appeals the judgment of sentence.

On appeal, appellant first argues the affidavit of probable cause of Trooper G.F. Kuffer does not, on its face, establish probable cause for the issuance of the search warrant. In determining probable cause, Pennsylvania has adopted the "totality of the circumstances" test set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and followed in *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985). The test now utilized for analyzing warrants is as follows:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing] that probable cause existed."

*Commonwealth v. Melilli*, 521 Pa. 405, 418–419, 555 A.2d 1254, 1261 (1989) (citation omitted), quoting *Gates, supra* at 237–38, 103 S.Ct. at 2332.

Without directly arguing as much, appellant would have us apply the pre-*Gray* two-prong test, independently analyzing both the veracity and basis of knowledge of the confidential informants who supplied Trooper Kuffer with the information upon which he based his affidavit of probable cause. This we cannot do. Instead, applying the standards of *Gates* and *Gray* to the instant case, we find the

affidavit established probable cause for the issuance of the search warrant.

■ Informant "A" supplied information to police on ten previous occasions which led to purchases of controlled substances by an undercover officer. Informant "B" had not given information to police in the past, however, he stated to police he had known appellant for two years and often purchased marijuana from him in that period. This information was corroborated by appellant's prior arrest record. Informant "A" indicated appellant was living at the residence to be searched, a fact substantiated by independent police investigation of postal records. Informants "A" and "B" independently described a hydroponic system of marijuana growth at the residence. Although a true hydroponic system was not discovered during the search, literature concerning hydroponic growth and growing lights for such a system were found in the house (T.T. 5/26/88, pp. 39–40). Such independent information by one informant may corroborate the independent information of another, notwithstanding the fact the information is partially inaccurate or based on hearsay. *Commonwealth v. Jones*, 506 Pa. 262, 484 A.2d 1383 (1984); *Commonwealth v. Rodriguez*, 379 Pa.Super. 24, 549 A.2d 578 (1988). There is a low probability two independent sources would supply identical information if it were not probably accurate, and this probability produces the necessary reliability to establish probable cause.

■ Appellant also claims the failure of the affidavit to demonstrate the freshness of the information relied upon and contained therein rendered the search warrant invalid. The Supreme Court stated in *Commonwealth v. Baker*, 513 Pa. 23, 518 A.2d 802 (1986):

An issuing authority presented with the sworn testimony of an affiant may, absent obvious chronological inconsistencies, rely that the affiant is speaking of the present or the immediate past. "Staleness" when raised must not be determined by rigorous exactitude, but rather by the experience of reasonable men, cognizant that events in

the real world, and more specifically criminal events, have a life of their own, in which hours and days are measured not by clocks and calendars, but rather by who will be watching, and when will the coast be clear.

Many police informants, particularly in drug related offenses, themselves often victims, are hard-pressed to know night from morning, and live a permanent dateless time. In such cases the issuing authority should try as close as possible to establish dates. However, where not possible, magistrates should use the experience of reasonable men under the circumstances to prevent offenders, loaded with poisonous contraband, from walking free because the evidence was "stale." ... Common sense can determine what is a reasonable age under the circumstances.

*Id.*, 513 Pa. at 28, 518 A.2d at 804.

In a similar case recently decided by this Court, *Commonwealth v. Haggerty, et al.*, 388 Pa.Super. 67, 564 A.2d 1269 (1989), a search warrant was held to be valid despite an inadvertent error in omitting the date the alleged criminal activity was observed. There, we found the required specificity of time, place and alleged criminal activity contained within the four corners of the affidavit established the necessary elements to show probable cause. The large quantity of drugs and related weighing and bagging equipment pointed to a large operation conducted over a period of time and currently in progress. "Mere lapse of time between discovery of criminal activity and issuance of a search warrant will not necessarily dissipate probable cause and a showing that criminal activity is likely to have continued up to the time of issuance of a warrant will render otherwise stale information viable." *Id.*, 388 Pa.Superior Ct. at —, 564 A.2d at 1272.

In the instant case, the informants described an ongoing operation with a large number of growing marijuana plants. This information is supported by appellant's prior arrest for manufacturing marijuana, his sales to Informant "B" over the prior two years, and police investigation of the residence and postal records and the statement of Informant "B",

appellant "will be harvesting the crop within the next month", in the week before the search warrant was issued. Agreeing that "probable cause determinations must be based on common sense nontechnical analysis," *Gray, supra,* 509 Pa. at 484, 503 A.2d at 925, we find the magistrate and the trial court acted properly in determining probable cause had been established, and we dismiss this claim.

█ Appellant next argues all the evidence seized pursuant to the execution of the search warrant is the fruit of an illegal, warrantless search by Informant "B", acting at the direction of Trooper Kuffer, the affiant, who requested Informant "B" to provide specific proof that marijuana was being grown at the dwelling in question. Informant "B" then surreptitiously obtained a marijuana leaf from the residence and passed it on to Trooper Kuffer. In a case with facts similar to those instantly, this Court held:

> [T]he state trooper's admitted prior knowledge of the warrantless search, and acquiescence therein, was sufficient to constitute ratification of the informant's illegal activity on behalf of the Commonwealth. Accordingly, the informant's search must be deemed a governmental search for purposes of the Fourth Amendment and its attendant exclusionary rules. Therefore, since the sample contraband unlawfully seized by the informant obviously supplied the foundation upon which the subsequent search warrant was obtained, all of the evidence seized pursuant to the warrant must be suppressed as the "fruit of the poisonous tree."

*Commonwealth v. Borecky,* 277 Pa.Super. 244, 251, 419 A.2d 753, 757 (1980) (citations omitted). So, too, we find the actions of Informant "B" and Trooper Kuffer to have been in violation of the fourth amendment prohibition against illegal searches and seizures. This, however, is not dispositive of the case sub judice.

As the suppression court noted,

> *Borecky* is, however, distinguishable in that the illegal search in that case was the initial step of the investigation. Therefore that Court suppressed all the evidence as

the fruits of the illegal search. Here, however, the primary investigation preceded the illegal search and seizure. This preceding investigation in no way violated [appellant's] rights and should not be excluded on the grounds of subsequent illegal activity. Only that information acquired as a result of the illegal search should be excluded.... Despite elimination of this information, the total effect of the warrant is to give indicia of probable cause.

(Slip Op., Breene, J., 10/26/87, pp. 10–11.) We agree. The investigation proceeded on a valid basis which supported a warrant by suitable probable cause findings and is, therefore, untainted by the subsequent incidental illegality. In this instance, while we have not yet obtained ratification by the Pennsylvania Supreme Court, we believe the validity of the search warrant is sustainable pursuant to federal due process requirements under the good faith doctrine recently espoused by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and *Massachusetts v. Sheppard*, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984). *See Haggerty, supra.*

■ Finally, appellant argues the trial court erred in receiving into testimony appellant's oral statement because the corpus delicti had not been established, i.e., the court erred in finding appellant guilty of the manufacture, delivery or possession of marijuana, or possession with intent to deliver, as the weight of the evidence established that other individuals manufactured or possessed the same. In Pennsylvania, the corpus delicti rule of evidence precludes admission by the Commonwealth of a defendant's confession or admission unless it offers independent evidence a crime in fact occurred. *Commonwealth v. Fried*, 382 Pa.Super. 156, 555 A.2d 119 (1989). We agree with the trial court the corpus delicti of possession with intent to deliver requires only proof, independent of appellant's statement, of illegal possession by *someone*, although not necessarily appellant.

■ From the evidence presented at trial prior to the admission of appellant's statement, it appears clear the

Commonwealth established a crime was committed by someone. A quantity of marijuana much larger than would be consistent with personal use was found in the house, nurtured by growing lights and additional heat and water. Appellant was also found, along with his personal effects, occupying one of the two bedrooms at the time of the search. In addition to the plants, a screen of the type used for sorting marijuana and weighing scales were also found, as well as assorted baggies and small packages of marijuana and marijuana seeds. Therefore, we find the Commonwealth met its burden for introduction of appellant's statement into evidence.

Judgment of sentence affirmed.