## Commonwealth v. Shattuck

*Wieslaw T. Niemoczynski, assistant district attorney,* for the Commonwealth.

*John P. Lawler,* for defendant.

O'BRIEN, *J.,* June 5, 1992—

### FINDINGS OF FACT

(1)   On January 15, 1992, District Justice Henry McCool issued a search warrant authorizing a search of defendant Mark V. Shattuck and his home, located in Alpine Village, Monroe County, Pennsylvania. The search warrant was premised upon the probable cause affidavit of Trooper Joseph Bogaski Jr. of the Pennsylvania State Police.  The affidavit alleged that on November 19, 1991, the Roadrunner Mini Mart on Route 715 in Pocono Township was robbed by a man carrying a sawed-off shotgun who met the description of the defendant.  On January 6, 1992, Reeders General Store was also robbed by a man carrying a sawed-off shotgun

who fit the defendant's description. The affidavit also contains the statement of Kenneth Hart, that he observed the defendant with a sawed-off shotgun one week prior to the robbery of Reeders General Store. Mr. Hart was told by the defendant on January 14, 1991, that he believed the police were on to him and that he was going to flee the area.

(2) The execution of the search warrant resulted in the recovery of the sawed-off shotgun allegedly used in both robberies.

(3) On January 16, 1992, the defendant was arrested and charged with robbery and related crimes for the incident on November 19, 1991, at Roadrunner Mini Mart in the case docketed at 129 Criminal 1992. On January 21, 1992, defendant was arrested and charged with robbery and related crimes for the incident which occurred at Reeders General Store on January 6, 1992 in the case docketed at 128 Criminal 1992.

## DISCUSSION

Counsel for defendant has filed an omnibus pre-trial motion seeking to suppress evidence obtained as a result of the search of defendant's residence pursuant to the search warrant. In support of his motion, counsel for defendant has filed a brief arguing that the probable cause affidavit was insufficient and that the information contained in it was stale. Following a review of the testimony from the pre-trial hearing along with consideration of the briefs and arguments of both parties, the issue of suppression is now before this court for disposition.

In determining whether probable cause exists for the issuance of a search warrant. Pennsylvania has adopted the "totality of the circumstances" test as delineated in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317 (1983), and *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). The test is as follows:

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... concluding that probable cause existed.'" *Commonwealth v. Karns,* 389 Pa. Super. 58, 61, 566 A.2d 615, 616 (1989) (quoting *Gates, supra* at 237). (citation omitted)

A corollary of this test is that while the inquiry is limited to the four corners of the affidavits, the affidavit should be interpreted in a common sense and realistic fashion. *Commonwealth v. Dosch,* 348 Pa. Super. 103, 501 A.2d 667 (1985); *Commonwealth v. Baker,* 513 Pa. 23, 518 A.2d 802 (1986). Further, due deference must be given to the conclusions of the issuing magistrate. *Commonwealth v. Moss,* 518 Pa. 337, 543 A.2d 514 (1988).

Before a search warrant can be validly issued, the magistrate must be provided with information sufficient to persuade a reasonable man that probable cause to conduct a search exists. *Commonwealth v. Baker, supra.* The magistrate must focus on whether evidence

of a crime will be discovered when the search is executed. *Commonwealth v. Reviera,* 387 Pa. Super. 196, 563 A.2d 1252 (1989). The magistrate has the power to issue a search warrant where he reasonably concludes that there is a fair probability that evidence of current or past criminal activity will be on the premises at the time the search is conducted. *Id.* Furthermore, when an informant is not a paid, unknown tipster, but rather an identified eyewitness to a crime who voluntarily reports his observations to the police, his trustworthiness may be presumed. *Commonwealth v. Weidenmoyer,* 518 Pa. 2, 539 A.2d 1291 (1988).

In the case at bar, defendant does not seem to dispute that Mr. Hart stated that he saw the defendant with the sawed-off shotgun one week before the January 6, 1991, robbery and that Mr. Hart described the weapon in detail. However, defendant stresses the fact that Mr. Hart indicated that the defendant stated on January 15, 1992, that he "no longer had the shotgun and that he had got rid of it after the gas station job." Therefore, the defendant argues that the information contained in the warrant was stale and, even if believed, would establish that the item sought by the police was no longer in the possession of the defendant.

In *Commonwealth v. Alewine,* 384 Pa. Super. 283, 287, 558 A.2d 542, 543 (1989), our Superior Court stated, "the chief factors to consider when determining whether the information supporting the issuance of a warrant has grown stale are the quality and the nature of the seized evidence, the ease with which the evidence may be disposed of, and the lapse of time between the information and the warrant." Other considerations regard the character of the crime, of the criminal, of

the item to be seized and of the place to be searched. There is no requirement that every disclaimer from the mouth of the defendant ("no longer had the shotgun") should supersede other incriminating information in the affidavit.

In *Commonwealth v. Klimkowicz,* 331 Pa. Super. 75, 478 A.2d 1086 (1984), our Superior Court held that it was not unreasonable for the magistrate to believe that stolen guns could be found at appellant's home in light of the difficulty in disposing of them. Therefore, a search warrant issued five weeks after the commission of the crime was not based upon impermissibly stale information. The court noted that reasonableness is the applicable standard for determining the time limits to be used on a search warrant. Similarly in *Commonwealth v. Checca,* 341 Pa. Super. 480, 491 A.2d 1358 (1985), our Superior Court held that information in an affidavit was not stale even though the facts occurred on or before September 28, 1981, and the warrant was not obtained until October 15, 1981, since the activities involved were of a continuous nature and were the subject of an ongoing criminal investigation. In the case at bar, the criminal investigation proceeded until Mr. Hart revealed his second phone conversation with the defendant which occurred on the day before the warrant was issued.

In *Commonwealth v. Baker, supra,* the court stated:

"Staleness when raised must not be determined by rigorous exactitude, but rather by the experience of reasonable men, cognizant that events in the real world, and more specifically criminal events, have a life of their own, in which hours and days are measured not

by clocks and calendars, but rather by who will be watching and when will the coast be clear."

Applying these standards to the facts of the case at bar, we conclude it was not unreasonable for the district justice to conclude there was a fair probability that the sawed-off shotgun would be found on the defendant or in his house notwithstanding his statement to the contrary.

## CONCLUSIONS OF LAW

(1) The information contained in the probable cause affidavit was not stale.

(2) There was sufficient probable cause for the issuance of the search warrant for the defendant and his home.

(3) Defendant's motion to suppress evidence is without merit.

## ORDER

And now, June 5, 1992, defendant's omnibus pre-trial motion is denied.