629 A.2d 1020

COMMONWEALTH of Pennsylvania, Appellee,

v.

Calvin MURPHY, Appellant.

Superior Court of Pennsylvania.

Submitted May 13, 1993.

Filed Aug. 17, 1993.

Daniel Silverman, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before BECK, POPOVICH and HESTER, JJ.

POPOVICH, Judge.

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, following appellant's conviction on charges of possession of a controlled substance with intent to deliver, possession of a controlled substance and possession of drug paraphernalia. Herein, appellant contends his prior attorneys were ineffective for

failing to raise and preserve for appeal the issue of whether the search warrants were facially defective because they did not contain any information from which the issuing authority could reasonably construe that contraband was present at the subject locations proximate in time to the application for the warrants, and, thus, the warrants were "stale" in violation of the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. We disagree with appellant's assertion that the warrants were "stale", and, accordingly, we affirm.

When reviewing an attack on counsel's stewardship, we are guided by the standard which was set forth in *Commonwealth v. Graham*, 522 Pa. 115, 118, 560 A.2d 129, 130 (1989) as follows: "The ineffectiveness of counsel is shown where there is merit to the underlying claim, the course chose by counsel does not have a reasonable basis, and the defendant shows prejudice." *See also, Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989). Thus, we will first review the merits of appellant's assertion that the search warrants were impermissibly "stale" in violation of the Federal and Pennsylvania Constitutions, i.e., the warrants failed to establish probable cause for their issuance.

In determining whether probable cause for issuance of a warrant is present, Pennsylvania has adopted the "totality of the circumstances" test set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *See, Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985). The task of the issuing authority is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Commonwealth v. Melilli*, 521 Pa. 405, 419–21, 555 A.2d 1254, 1262 (1989); *Commonwealth v. Karns*, 389 Pa.Super. 58, 566 A.2d 615 (1989), *allocatur denied*, 525 Pa. 632, 578 A.2d 927 (1990); *Commonwealth v. Haggerty*, 388 Pa.Super. 67, 564 A.2d 1269 (1989), *allocatur denied*, 525 Pa. 577, 575 A.2d 109 (1990). A search warrant is defective if the issuing authority is not supplied with a time frame upon which to

ascertain when the affiant obtained the information from the informant and when the informant himself witnessed the criminal acts detailed in the affidavit of probable cause. *Haggerty,* 564 A.2d at 1271, *citing, Commonwealth v. Kalinowski,* 303 Pa.Super. 354, 449 A.2d 725 (1982), *citing, Commonwealth v. Conner,* 452 Pa. 333, 305 A.2d 341 (1973); *Karns,* 566 A.2d at 617.

Our Supreme Court, in *Commonwealth v. Baker,* 513 Pa. 23, 518 A.2d 802, 804 (1986), stated:

An issuing authority presented with the sworn testimony of an affiant may, absent obvious chronological inconsistencies, rely that the affiant is speaking of the present or the immediate past. "Staleness" when raised must not be determined by rigorous exactitude, but rather by the experience of reasonable men, cognizant that events in the real world, and more specifically criminal events, have a life of their own, in which hours and days are measured not by clocks and calendars, but rather by who will be watching, and when the coast will be clear.

Many police informants, particularly in drug related offenses, themselves often victims, are hard-pressed to know night from morning, and live a permanent dateless time. In such cases the issuing authority should try as close as possible to establish dates. However, where not possible, magistrates should use the experience of reasonable men under the circumstances to prevent offenders, loaded with poisonous contraband, from walking free because the evidence was "stale." ... Common sense can determine what is a reasonable age under the circumstances.

Instantly, the affidavits of probable cause for both search warrants were identical and read as follows:

Police received information from an informant who has provided reliable information in the past that has led to the seizure of drugs, weapons, and paraphernalia, also USC. On 11/11/88 The informant provided information leading to the seizure of 38 packets of cocaine and $180.00 in USC DC # 88–12–82395.

On 11/14/88 The informant provided information leading to the seizure of 53 packets of cocaine and $200.00 USC DC # 88-18-87450.

On 11/19/88 The informant provided information leading to the seizure of 219 packets of cocaine and a 1 ounce bag of uncut cocaine and $4,095.00 and weapons.

On 12/17/88 The informant provided information leading to the seizure of 1,683 packets of cocaine in vials and 219 packets of cocaine heat sealed.

Today 1/3/89 The informant provided information that a B/M named Calvin Murphy approx. 25 yrs. and drives a gray Volvo is Bagging and Storing drugs and the money which is made through the sales at 6063 Kingsessing.

The informant states that although the drugs are being stored and bagged here that are distributed and sold at 5224 Chancellor. The information states that he knows this because he has on at least 3 occasions left from the Chancellor Street address and accompanied Calvin Murphy to the Kingsessing address to get more drugs. The informant states that both the Volvo and a blue Eldorado that sometimes drives is registered to his mother. (BMV revealed that this to be true) A voter registration check shows that a Calvin Murphy is in fact registered to vote there. (6063 Kingsessing Ave) A BMV check reveals that a Calvin Murphy DOB 2/15/63 has an operators license for both addresses.

Based on the informant's past reliability and other corroborating documents I respectfully as that this warrant be approved.

Appellant argues that the warrants lack probable cause because the affidavits set forth "absolutely no information" from which the issuing authority could conclude that drugs and other contraband were present at either location at the time the police applied for the warrants. More specifically, appellant complains that the affiant never established when the alleged prior criminal activity took place and whether there was reason to believe the criminal activity was on-going

at the time application for the warrant was made. Absent the crucial time element, appellant argues that the warrants should have been suppressed.

While we agree with appellant's statement of the law in that the warrants must set forth the time frame upon which the magistrate can ascertain whether there is a "fair probability that contraband or evidence of a crime will be found in a particular place," *Melilli,* 555 A.2d at 1261, we nevertheless find that information as to the freshness of the information concerning appellant's drug-related activities was available for the magistrate's use in issuing the warrants. Assessing the affidavit with practical, common sense approach, *see Baker, supra,* we find the only inference that can be drawn is that appellant's drug-related activity was on-going and currently in progress. From the four corners of the affidavit, it is fair to assume that on January 3, 1989, Officer Carpenter (the affiant) received information from a reliable informant that appellant was currently processing drugs and storing drugs and the proceeds from drug sales at 6063 Kingsessing Avenue. The informant also indicated that appellant distributed and sold the drugs from 5224 Chancellor Street. The informant knew of the two locations and appellant's drug operation because he had, in the recent past, on at least three occasions, accompanied appellant to the Kingsessing address to obtain additional drugs to be sold at the Chancellor address.

A fair reading of the affidavits leads to the conclusion that the informant reported what he had just seen in the "immediate past". Any other interpretation would require we ignore the common sense approach adopted in *Gray, supra,* and return to the hypertechnical standard required under *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Our conclusion today is supported by our decision in *Haggerty, supra,* where we were faced with a similar affidavit of probable cause. Therein, Haggerty argued that the affidavit did not set forth with specificity a time frame upon which to ascertain when the informant obtained his knowledge of Haggerty's alleged drug-related activities. Consequently, Haggerty argued that the warrant lacked probable cause because

it failed to supply the magistrate with information indicating that evidence of criminal activity would currently be found at his residence. *Haggerty*, 564 A.2d at 1269. Despite the lack of information concerning when the informant witnessed Haggerty's possession of a large quantity of cocaine, the affiant's use of the present tense in the affidavit led the lower court and this court to conclude that Haggerty's drug activity was currently in progress. *Haggerty*, 564 A.2d at 1269. See also *Rivera v. United States*, 928 F.2d 592, 602–603 (2d Cir.1991) (magistrate properly inferred that informant gave information of police shortly after making his observations, despite absence of time information from affidavit).[1]

■ As in *Haggerty, supra,* we are now presented with affidavits of probable cause from which we can infer that the appellant's drug activity was in progress at the time the Commonwealth applied for the warrants. Accordingly, we find that the warrants did possess the requisite probable cause, and, therefore, prior counsel cannot be found ineffective for failing to raise a meritless claim. *Graham, supra.*

Judgment of sentence affirmed.

BECK, J., files a dissenting statement.

BECK, Judge, dissenting.

Because I cannot agree that the "only inference that can be drawn is that appellant's drug-related activity was on-going and currently in progress," I must dissent. The affiant's use of the present tense in describing the activities of appellant is not enough to satisfy the requirement that an issuing authority must be supplied with the time frame within which an informant witnessed the criminal acts contained in the affida-

1. We note that counsel for appellant failed to discuss *Haggerty, supra,* which is directly on point. Further, we note that counsel's reliance on *Commonwealth v. Tolbert*, 492 Pa. 576, 424 A.2d 1342 (1981), and *Commonwealth v. Simmons*, 450 Pa. 624, 301 A.2d 819 (1973), is misplaced as these cases were decided under the hypertechnical standard set forth in *Aguilar, supra,* and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

vit. *See Commonwealth v. Haggerty,* 388 Pa.Super. 67, 564 A.2d 1269, 1273–74 (1989) (Cavanaugh, J. dissenting).

The affidavit states that "the information [sic] states that he knows this because he has on at least 3 occasions left from the Chancellor Street address and accompanied Calvin Murphy to the Kingsessing address to get more drugs." In my opinion this statement raises uncertainty as to the time frame in which appellant witnessed the criminal activity. It also distinguishes these facts from those in *Haggerty.* Was the informant's last visit made on the day police received the information? Were all three visits made within a time reasonably close to the date police received the information? The affidavit sheds no light on our inquiry yet the majority assumes that the visits occurred in "the recent past." Maj. Op. at 1023.

The affidavit as written lends itself to varying interpretations of when the informant made his or her observations. The affidavit, then, "does not contain facts from which the date of the [informant's] observations could be determined." *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887, 891 (1991). Based on this uncertainty, I would find that the warrant was invalid.